C. CAPERS SMITH v. STATE OF NORTH CAROLINA, JAMES HOLSHOUSER, GOVERNOR; JOE K. BYRD, CHAIRMAN, STATE BOARD OF MENTAL HEALTH; RALPH SCOTT, CHAIRMAN, ADVISORY BUDGET COMMISSION; DAVID T. FLAHERTY, INDIVIDUALLY AND AS SECTRETARY OF HUMAN RESOURCES; N. P. ZARZAR, INDIVIDUALLY AND AS COMMISSIONER, DEPARTMENT OF MENTAL HEALTH; TREVOR G. WILLIAMS, INDIVIDUALLY AND AS SUPERINTENDENT OF BROUGHTON HOSPITAL

No. 7725SC523

(Filed 16 May 1978)

**Master and Servant § 10.2; State § 4.4— employee of Department of Mental Health—necessity for discharge by State Board**

The authority given by G.S. 122-1.1 to the State Board of Mental Health, with the concurrence of the Governor, to discharge for cause employees of the State Department of Mental Health who were appointed for a specific length of time was not removed by G.S. 143A-6(b) when the State Department of Mental Health and the State Board of Mental Health were transferred to the Department of Human Resources. Therefore, the trial court erred in failing to grant partial summary judgment for plaintiff on the issue of the State's liability for his wrongful discharge as superintendent of Broughton Hospital where all the evidence showed that plaintiff was not discharged by the State Board of Mental Health but was relieved of his duties by letters from two of his superiors and by a telegram from the Secretary of Human Resources.

Judge VAUGHN dissenting.

APPEAL by plaintiff from *Snepp, Judge.* Judgment entered 16 February 1977 in Superior Court, BURKE County. Heard in the Court of Appeals 29 March 1978.

This is an appeal by the plaintiff from a directed verdict against him pursuant to Rule 50(a) of the Rules of Civil Procedure and from the court's refusal to grant the plaintiff's motion for summary judgment pursuant to Rule 56 of the Rules of Civil Procedure. The plaintiff did not appeal from the court's granting a motion for judgment on the pleadings pursuant to Rule 12(c) of the Rules of Civil Procedure in favor of the defendants James E. Holshouser, Jr. and Ralph Scott. Plaintiff took a voluntary dismissal without prejudice as to defendant, Joe K. Byrd, prior to trial. This case has previously been in this Court and the Supreme Court of North Carolina. *See Smith v. State,* 23 N.C. App. 423, 209 S.E. 2d 336 (1974) and at 289 N.C. 303, 222 S.E. 2d 412 (1976).

The plaintiff, a medical doctor, was appointed on 1 October 1970, pursuant to G.S. 122-25 (now repealed) to a six year term as Superintendent of Broughton Hospital. In April 1973, a dispute arose between the plaintiff and defendants Trevor G. Williams, then Western Regional Commissioner of Mental Health for the State of North Carolina, N. P. Zarzar, Director of the Division of Mental Health Services, and David T. Flaherty, then Secretary of Human Resources. Williams and Zarzar are both medical doctors and they were the plaintiff's superiors within the Department of Mental Health, which was an agency within the Department of Human Resources. As the result of the plaintiff's refusal to release to his superiors certain cassette tape recordings of a staff conference at the Broughton Hospital, he was discharged from his office as Superintendent on 30 April 1973. He was relieved of his duties first by letter of Dr. Williams, followed by letter from Dr. Zarzar, and finally by telegram from Mr. Flaherty. At no time was the plaintiff discharged by the State Board of Mental Health.

After his dismissal, the plaintiff, pursuant to G.S. 122-1.1 (repealed 1 July 1973 by N.C. Sess. Laws, Chap. 476, § 133 (1973)), served upon the Governor and the Chairman of the Advisory Budget Commission a claim for severance pay. When no action was taken on this claim, plaintiff filed this action. It was stipulated that had the plaintiff served the remainder of his six year term, he would have received total compensation of $169,455.59.

*Hall, Booker, Scales and Cleland, by James J. Booker and Hatcher, Sitton, Powell and Settlemyer, by Claude S. Sitton, for plaintiff appellant.*

*Attorney General Edmisten, by Special Deputy Attorney General William F. O'Connell, for the State.*

WEBB, Judge.

We note first that the plaintiff amended his complaint after the decision of the Supreme Court, *Smith v. State, supra,* to allege that the actions of David T. Flaherty were motivated by malicious and corrupt intent. The plaintiff excepted to the directed verdict in favor of the individual defendants and assigned this as error in his brief. In support of this assignment of error, no reason or argument is stated and no authority is cited.

The assignment of error as to the allowance of a directed verdict in favor of David T. Flaherty, N. P. Zarzar, and Trevor G. Williams in their official capacities and as individuals is taken as abandoned. Rule 28, North Carolina Rules of Appellate Procedure. The judgment as to these defendants is affirmed.

As to the claim against the State of North Carolina, we hold that the superior court committed error by not allowing partial summary judgment for the plaintiff. The facts as set forth in this opinion are established either by the pleadings or by stipulation. There being no genuine issue as to these facts, if they establish a claim for relief, the plaintiff is entitled to summary judgment as to the claim to which they entitle him. *Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976). The plaintiff bases his claim on the theory that being an employee of the Department of Mental Health, appointed for a specific length of time, he can only be discharged by a certain procedure and this procedure was not followed. In passing on this claim, we must examine some of the General Statutes in effect in April 1973.

The State Department of Mental Health was created by the General Assembly in 1963. N.C. Sess. Laws 1963, Chap. 1166 (codified as Chap. 122 of the General Statutes). At that time, a policy-making body for the Department was created which was denominated the State Board of Mental Health. G.S. 122-1.1 (now repealed) provided in part:

> "The Board shall determine policies and adopt necessary rules and regulations governing the operation of the State Department of Mental Health and the employment of professional and staff personnel. The State Board of Mental Health, by and with the approval of the Governor, may terminate for cause the services of any employee appointed for a specific length of time. In the event of any such termination, severance pay shall be adjusted by the Governor and the Advisory Budget Commission."

Nothing else appearing, it seems clear that the plaintiff, having been appointed for a specific length of time could only be discharged for cause and then only by the State Board of Mental Health, with the concurrence of the Governor. The defendants contend that this power to discharge was removed from the State

Board of Mental Health and placed in the Secretary of Human Resources by the Executive Organization Act of 1971.

Under the Executive Organization Act of 1971, N.C. Sess. Laws 1971, Chap. 864, codified as Chap. 143A of the General Statutes, the State Department of Mental Health and the State Board of Mental Health were transferred by type II transfers to the Department of Human Resources, G.S. 143A-138 and 143A-139. (Both the sections were repealed by N.C. Sess. Laws 1973, Chap. 476 s. 183). G.S. 143A-6 said:

"(b) Under this Chapter, a type II transfer means the transferring intact of an existing agency, or part thereof, to a principal department established by this Chapter. When any agency, or part thereof, is transferred to a principal department under a type II transfer, that agency, or part thereof, shall be administered under the direction and supervision of that principal department, but shall exercise all its prescribed statutory powers independently of the head of the principal department, except that under a type II transfer the management functions of any transferred agency, or part thereof, shall be performed under the direction and supervision of the head of the principal department.

(c) Whenever the term 'management functions' is used it shall mean planning, organizing, staffing, directing, coordinating, reporting and budgeting."

The defendants' position is that when the State Board of Mental Health was transferred to the Department of Human Resources the power to discharge employees was given to the Secretary of the Department. The defendants say this is so because G.S. 143A-6(b) says "the management functions (which includes 'staffing') . . . shall be performed under the direction and supervision of the head of the principal department." The defendants argue that "staffing" includes the right to hire and fire, that this provision of G.S. 143A-6(b) is inconsistent with the power to discharge given the State Board of Mental Health by G.S. 122-1.1 and being inconsistent, the later statute must prevail. We believe the two statutes can be reconciled. As we read G.S. 143A-6(b), it leaves in the State Board of Mental Health all its statutory powers, but provides management functions including hiring and

discharging personnel shall be done under the supervision of the Secretary of the Department. Because the Secretary supervises the Board in the performance of its duties does not mean the Secretary assumes those duties. Since we conclude that the two statutes can be reconciled and G.S. 143A-6(b) does not overrule G.S. 122-1.1, we hold that the power to discharge for cause, with the concurrence of the Governor, given to the State Board of Mental Health was not removed by G.S. 143A-6(b).

We hold the superior court committed error in not granting the plaintiff's motion for summary judgment against the State as to the liability of the State for the wrongful discharge of plaintiff from his job as Superintendent of Broughton Hospital. We order that the case be remanded to the Superior Court of Burke County for trial on the issue of damages.

Affirmed as to defendants David T. Flaherty, individually and as Secretary of Human Resources, N. P. Zarzar, individually and as Commissioner, Department of Mental Health, and Trevor Williams, individually and as Regional Commissioner of Mental Health, for the State of North Carolina.

Reversed and remanded as to the State of North Carolina.

Judge PARKER concurs.

Judge VAUGHN dissents.

Judge VAUGHN dissenting.

In my opinion, the entry of a directed verdict against the plaintiff was proper and should be affirmed because, among other reasons, the Secretary of the Department of Human Resources had authority to terminate plaintiff's services and plaintiff's evidence fails to show the absence of just cause for that termination.